IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM KEVIN TOMERLIN, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> ) <br> ARKRAY USA, INC. ) <br> ) <br> ) <br> Defendant. ) | Case No. 19-cv-256 <br><br> Removed from Madison County, IL <br> (Case No. 2019L000074) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant ARKRAY USA, Inc. ("Defendant"), by and through their undersigned counsel, hereby give notice of removal of Case No. 2019-L-000074 in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, to the United States District Court for the Southern District of Illinois. In support of this Notice of Removal, Defendant states as follows:

## THE STATE COURT ACTION

1. On or about January 18, 2019, Plaintiff William Kevin Tomerlin brought a civil action in the Circuit Court for the Third Judicial Circuit, Madison County, Illinois, styled as *William Kevin Tomerlin v. Arkray USA, Inc.,* Case No. 2019-L-000074. A true and correct copy of the Complaint is attached hereto as **Exhibit 1**.

2. Plaintiff served summons and a copy of the Complaint on Defendant on or after February 6, 2019. See Complaint and return of service, attached hereto as **Exhibit 1,** pursuant to 28 U.S.C. § 1446(a). The only additional document from the state court file is a judicial

assignment order that is included in Exhibit 1.  Under 28 U.S.C. § 1446(b), this Notice of Removal is timely filed within thirty days of service of the Complaint on Defendant and within one year of the commencement of the action.

3. This is a civil action over which this Court has original jurisdiction pursuant to 28 U.S.C. § 1332.  The Action may be removed pursuant to 28 U.S.C. § 1441 because (i) removal is timely, (ii) there is complete diversity of citizenship between Plaintiffs and Defendant pursuant to 28 U.S.C. § 1332(c)(1), (iii) this case satisfies the amount in controversy requirement set forth in 28 U.S.C. § 1332(a), and (iv) this Court is the proper venue.

4. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served on Plaintiffs' counsel, and a copy is being filed with the Circuit Court for the Third Judicial Circuit, Madison County, Illinois.

5. If any question arises regarding the propriety of the removal of this action, Defendant respectfully requests the opportunity to present a brief in support of its position that this case is removable.

### DIVERSITY JURISDICTION EXISTS

6. There is complete diversity between Plaintiff and Defendant.

7. This suit is an action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and is one that may be removed to this Court under the provisions of 28 U.S.C. §§ 1441 and 1446.

8. Plaintiff William Kevin Tomerlin is a citizen of Illinois. *See* Compl. at ¶ 1.

9. Defendant has its principal place of business in Minnesota and is incorporated in Delaware. *Id*. at ¶ 3. *See also*, Affidavit of Christopher Koshire, attached at **Exhibit 2**.

## THE AMOUNT IN CONTROVERSY IS SATISFIED

10. The Complaint alleges that, in the Fall 2016, Plaintiff obtained a new glycometer from Defendant to "monitor his blood sugar and manage his diabetes." *Id*. at ¶ 4.

11. The Complaint alleges that in February 2017, "the glycometer began giving inaccurate readings to [Plaintiff]." *Id*. at ¶ 5. The Complaint states that Plaintiff is not medically trained and was "without the wherewithal to check on the accuracy of the glycometer and gave himself injections based on the readings from the glycometer." *Id*. Plaintiff alleges that Defendant knew "inaccurate readings would cause [Plaintiff] to administer to himself improper amounts of glucose." *Id*. at ¶ 6.

12. The Complaint further alleges that, on February 3, 2017, "as a result of the improper administration of glucose" Plaintiff "became ill and was hospitalized[.]" *Id*. at ¶ 10. The Complaint alleges that, while hospitalized, Plaintiff "suffered a number of adverse symptoms and began to develop hallucinations." *Id*. Additionally, the alleged improper administration of glucose is alleged to have caused Plaintiff to

> suffer[] severe injuries which have and will cause him to expend funds seeking medical treatment, which has impaired his earning capacity and caused him to lose work and will continue in the future to cause him to lose work, has caused him disability and will continue to cause him disability, has caused him to lose the enjoyment of a normal life and will continue to cause him to do so in the future.

*Id*. at ¶ 12.

13. The Complaint contains three counts related to the alleged incident—Count I (Negligence), Count II (Product Liability), and Count III (Breach of Warranty). In the Complaint, Plaintiff seeks compensatory damages in excess of fifty thousand dollars and attorney's fees. *See* Compl., at "WHEREFORE" paragraphs.

14. The Complaint is extremely sparse on alleged facts, failing to identify any of the alleged costs of Plaintiff's medical bills or lost wages. However, Plaintiff claims that his injuries are severe and will continue to cause issues in the future. *See, e.g., Id.* at ¶ 12.

15. As the United States Supreme Court has held, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (U.S. 2014). See also, *Demery v. Tran*, 2018 WL 5631266, at *1 (S.D. Ill. 2018). Because Plaintiff is seeking compensatory damages for lasting and severe injuries, and loss of past and future wages, it is clear that the amount in controversy exceeds $75,000.00. See, *e.g.*, *Rising–Moore v. Red Roof Inns, Inc.*, 435 F.3d 813, 815 (7th Cir. 2006) (noting in dicta that even where medical expenses and lost wages amounted to only $45,000, "a modest allowance for pain, suffering, and future losses ... brings the total over the threshold"); *Andrews v. E.I. Du Pont De Nemours and Co.*, 447 F. 3d 510, 515 (7th Cir. 2006) (holding a defendant "show[ed] by a preponderance of the evidence that the amount in controversy requirement was met at the time of removal" when the plaintiff did not allege a specific amount but "that he suffered 'severe and permanent" injuries to his head, ribs, and back. He also sought damages for pain and suffering, past and future lost wages, past and future medical expenses, and for disabilities suffered.").

16. A defendant who wishes to remove a case to federal court cannot "wait for discovery responses that simply confirm what was obvious from the face of the complaint; in such cases, defendants are not insulated from a remand to state court." *McCoy by Webb v. General Motors Corp.*, 226 F. Supp.2d 939, 941 (N.D. Ill. 2002). It is not the law that "cases are not removable until there has been an absolute affirmation via discovery ... that more than $75,000 [is] in issue." *Id*. Instead, "courts have routinely held that when plaintiffs allege serious, permanent

injuries and significant medical expenses, it is obvious from the face of the complaint that the plaintiffs' damages exceeded the jurisdictional amount . . ." *Id*.

17.	The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case even though Plaintiff has not made a specific demand in the complaint because, "by the preponderance of the evidence," it is clear "that the amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(b); *see also* 28 U.S.C. § 1332(a).

## **PROPRIETY OF REMOVAL**

18.	For the foregoing reasons, this Court has jurisdiction over this action based on diversity of citizenship pursuant to 28 U.S.C. § 1332(a)(1), and this action may be removed to this Court pursuant to 28 U.S.C. § 1441(a) and (b).

19.	The Circuit Court of Madison County, where this action was originally brought, is located within the United States District Court for the Southern District of Illinois. *See* 28 U.S.C. § 93(c). Therefore, the action is properly removed to this Court in this district pursuant to 28 U.S.C. § 1441(a).

20.	Finally, Defendant is the only named defendant in this matter.

21.	Defendant reserves the right to amend or supplement this Notice of Removal.

WHEREFORE, Defendant respectfully requests that this Court assume full jurisdiction over this action as if Plaintiffs had originally commenced this action with this Court.

Dated:  March 1, 2019                              Respectfully Submitted


                                               By: */s/ Troy A. Bozarth*
Troy A. Bozarth, #6236748
Kathryn L. Modeer, #6317303
HEPLERBROOM LLC
Post Office Box 510
130 N. Main St.
Edwardsville, IL 62025-0510
Phone:  (618) 656-0184
Fax:  (618) 656-1364
troy.bozarth@heplerbroom.com
kathryn.modeer@heplerbroom.com


**<u>CERTIFICATE OF SERVICE</u>**

     I certify that on the March 1, 2019, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the all counsel of record registered to receive electronic Notices of Electronic Filing generated by CM/ECF. A copy was also sent to the following by electronic mail:

    Ronald A. Roth
    Roth Law Offices, LLC
    2421 Corporate Centre Dr., Ste. 200
    Granite City, IL  62040
    raroth@rothlaw.com


                                               */s/ Troy A. Bozarth*